CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 08, 2026

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Case No. 7:23-cr-00040** |
| | ) | |
| **v.** | ) | **Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| **CHRISTOPHER ANTHONY WITHERS** | ) | |

<u>**MEMORANDUM OPINION**</u>

Pending before the Court is Defendant Christopher Anthony Withers's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 59), to which the Government has responded (Dkt. 69). Withers was given an opportunity to respond, but he has not filed anything else in the case.

The motion is **DENIED**, and I decline to issue a certificate of appealability.

## I.    Background

In the initial indictment in this case, Withers was charged with possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5845(a)(2), 5861(d), and 5871. Dkt. 3.

On December 14, 2023, Withers pled guilty to being a felon in possession of a firearm. The written plea agreement was a binding Rule 11(c)(1)(C) plea providing for a sentence between 48 and 72 months of incarceration. *See* Dkt. 34 at 3. In the plea agreement, Withers waived his right to appeal and to collaterally attack his sentence. *Id.* at 9. The Court accepted the plea but deferred accepting the plea agreement until after reviewing the presentence report. *See* Dkt. 68 at 34:8–17.

The final presentence report calculated an offense level of 23 and a criminal history category of VI for Withers, calling for a sentence ranging from 92 to 115 months. Dkt. 44 ¶ 108. Neither party filed objections. However, upon reviewing the presentence report, the Court determined that the enhancement under U.S.S.G. § 2K2.1(b)(6)(B)—which was omitted from the plea agreement and the presentence report—may apply and instructed the parties to submit supplemental briefing. Dkt. 50. The Government responded that the enhancement does apply but that its good-faith mistake in omitting the enhancement as it was negotiating the plea agreement with Withers and his counsel should inure to the benefit of the defendant. Dkt. 51.

At sentencing on September 3, 2024, the Court concluded that § 2K2.1(b)(6)(B) did apply, yielding a total offense level of 27, a criminal history category of VI, and a Guidelines range of 130 to 162 months.[1] Dkt. 67 at 5:22–7:25. However, the Court accepted the plea agreement and sentenced Withers to 72 months of incarceration followed by three years of supervised release. *Id.* at 23:10–25. Withers did not file a direct appeal.

On September 12, 2025, proceeding *pro se*, Withers filed the instant motion under 28 U.S.C. § 2255 raising three grounds for relief: (1) that 18 U.S.C. § 922(g) is unconstitutional under the Second Amendment;[2] (2) that his prior felony conviction was improperly used both as a predicate for the § 922(g) charge and to enhance his Guidelines calculation; and (3) that his Guidelines were improperly calculated after he entered his guilty plea. Dkt. 59.

II.      **Analysis**

---

[1] Because the statutory maximum for general convictions under § 922(g) is ten years, Withers's effective Guidelines range was 120 months.

[2] Withers does not specify the nature of his constitutional challenge, but the Court construes his claim as one brought under the Second Amendment.

Under 28 U.S.C. § 2255, a movant may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. § 2255(a). The movant bears the burden of proving grounds for collateral relief by a preponderance of the evidence. *Merritt v. United States*, 499 F. Supp. 3d 249, 254 (E.D. Va. 2020) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). The record in this case conclusively establishes that Withers is not entitled to relief, so the Court may address the motion without an evidentiary hearing.

## A.  Procedural Bars

As a threshold matter, Withers's motion is procedurally barred. First, Withers waived his collateral attack rights as part of his guilty plea. Second, his claims are procedurally defaulted because he did not raise them on appeal. Third, Guidelines calculation errors are generally not cognizable on habeas review, foreclosing his second and third grounds for relief.

### 1.  Waiver

Withers's plea agreement contained a waiver of his right to collaterally attack his conviction and sentence. Such waivers are enforceable if they are knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005); *United States v. Moussaui*, 591 F.3d 263, 279 (4th Cir. 2010).

3

Here, Withers knowingly and voluntarily entered into the plea agreement with full knowledge of the consequences of his plea. Withers's plea agreement contained the following language:

> I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agree I will not file any document which seeks to disturb any such order, unless such filing is based on ineffective assistance of counsel. **I agree and understand that if I file any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case, such action shall constitute a failure to comply with a provision of this agreement.**

Dkt. 34 at 9 (emphasis in original). Withers signed the plea agreement and initialed the page on which this waiver is found. Additionally, at the guilty plea hearing, the Court specifically questioned Withers about his waiver:

> THE COURT: Likewise, the plea agreement also has a provision in which you agree not to file what's called a petition for a writ of habeas corpus, and that is to – let me pull this piece up – and that is to persist to file a separate action challenging what occurred here. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

Dkt. 68 at 28. The record reflects that Withers knowingly and voluntarily waived his right to collaterally attack his conviction and sentence, and he has not alleged that his guilty plea was not knowingly and voluntarily entered. And because Withers's particular § 2255 claims do not fit any of the exceptions to recognizing waivers of this type, *see Lemaster*, 403 F.3d at 220 n.2, all three grounds for relief are procedurally barred.

### 2. Procedural Default

Even if not waived, Withers procedurally defaulted his claims because he could have raised them on direct appeal. If a defendant waives an issue by failing to raise it on direct appeal and then later attempts to raise it as a collateral attack, that motion is procedurally barred. *See*

*Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). An exception to this rule applies where a petitioner demonstrates both "cause" and "actual prejudice," *Murray v. Carrier*, 477 U.S. 478, 485 (1986), or where a petitioner can demonstrate "actual innocence," *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010).

Here, Withers raised none of his claims at sentencing[3] or on direct appeal, and he has not alleged cause, prejudice, or actual innocence. First, Withers does not explain why he failed to raise his first and third claims, and his claim that he was "not aware" of the double-counting issue as the basis for his second claim is insufficient to establish cause. Withers likewise cannot show actual prejudice or innocence, as the record reflects that he knew his felon status at the time he possessed his firearms. *See McCollum v. United States*, No. 1:17CR155, 2023 WL 9507618, at *3 (M.D.N.C. Sept. 29, 2023), *report and recommendation adopted as modified*, No. 1:17-CR-155-1, 2024 WL 406574 (M.D.N.C. Feb. 2, 2024). Withers stipulated in the agreed statement of facts incorporated into his plea agreement that officers found three firearms in his residence and that, at this time, he "had previously been convicted of a crime punishable by more than one year of imprisonment, and he was aware of that fact." Dkt. 35 at 2. At the guilty plea hearing, the Withers confirmed these facts and affirmed each of them under oath, which undercuts any assertion of prejudice or innocence. Furthermore, even assuming that any error occurred in his sentencing, Withers has not demonstrated that it worked to his actual disadvantage. He received a sentence of 72 months—within the negotiated (and binding) 48-to-72-month range. I find that Withers's claims are procedurally defaulted.

### 3. Challenges to Guidelines Calculations

---

[3] At sentencing, counsel for Withers argued that Withers's Guidelines range was inflated because his prior criminal history gave him a higher base offense level and more criminal history points, but he acknowledged that this was not "impermissible double counting." *See* Dkt. 67 at 14:8–13.

Section 2255 provides relief for cases in which "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). However, a sentencing error is not cognizable on § 2255 review unless it is constitutional, jurisdictional, or amounts to "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (citation omitted). "Barring extraordinary circumstances, . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999); *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999) ("[M]isapplication of the guidelines typically does not constitute a miscarriage of justice.").

In his second and third grounds for relief, Withers appears to argue that the Court miscalculated his sentence under the Sentencing Guidelines. His claims of sentencing error are not cognizable in this proceeding. Withers received a sentence of 72 months on an offense carrying a statutory maximum of 10 years, and he has not shown that a miscarriage of justice occurred.

### B. Merits

Even if Withers's claims were properly before the Court, they nonetheless fail on the merits.

### 1. Constitutionality of § 922(g)

Withers argues that § 922(g) is unconstitutional under the Second Amendment based on "historical standards of unarming convicted felons." Dkt. 59 at 4. Withers's challenge, whether facial or as applied, fails due to the presumptive lawfulness of felon disarmament laws.

The Fourth Circuit in *United States v. Jacobs*, No. 24-4287, 2026 WL 157115, at *2–3 (4th Cir. Jan. 21, 2026), recently found that § 922(g)(1) was both facially constitutional and

constitutional as applied to the defendant. The court first relied on *United States v. Canada*, which held that "Section 922(g)(1) is facially constitutional because it 'has a plainly legitimate sweep' and may constitutionally be applied in at least *some* 'set of circumstances.'" 123 F.4th 159, 161 (4th Cir. 2024) (emphasis in original) (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008)).

With respect to the as-applied challenge, the court in *Jacobs* cited *United States v. Hunt*, where the Fourth Circuit concluded that its precedent continued to foreclose as-applied challenges notwithstanding the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). 123 F.4th 697, 700, 702 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 2756 (2025). *Hunt* went on to clarify that even if it had authority to decide the issue anew, § 922(g)(1) would nonetheless withstand Second Amendment scrutiny. 123 F.4th at 700; *see also United States v. Moore*, 666 F.3d 313, 319–20 (4th Cir. 2012); *United States v. Pruess*, 703 F.3d 242, 246–47 (4th Cir. 2012).

Thus, any constitutional challenge raised either facially or as applied by Withers fails on the merits.

### 2.  Double Counting of Prior Conviction

Withers asserts that the Government improperly "used the same felony conviction that made me a person not to possess a firearm to also add points to [the] guideline calculation which resulted in a double calculation." Dkt. 59 at 5. He appears to argue that using his 2016 felony common law robbery conviction to establish his felon status and to assess three criminal history points pursuant to U.S.S.G. § 4A1.1(a) amounts to impermissible "double counting."

Double counting is permissible under the Guidelines except where it is expressly prohibited. *United States v. Williams*, 954 F.2d 204, 208 (4th Cir. 1992); *United States*

*v. Curtis*, 934 F.2d 553, 556 (4th Cir. 1991). The Guidelines do not expressly prohibit (and thus permissibly allow) the use of Withers's felony robbery conviction to establish the base offense level of 22 under U.S.S.G. § 2K2.1(a)(3), and they also permit use of the same felony conviction to assess three criminal history points under U.S.S.G. § 4A1.1(a). *See, e.g.*, *United States v. Crawford*, 18 F.3d 1173, 1179–80 (4th Cir. 1994) (allowing use of defendant's felony conviction to enhance his offense level and criminal history category). Here, Withers's prior robbery conviction served three distinct and permissible functions: (1) as an element of the § 922(g) offense itself; (2) as a basis for criminal history points under U.S.S.G. § 4A1.1; and (3) as a basis for the enhanced base offense level under U.S.S.G. § 2K2.1(a)(3), which applies when a defendant possessed a firearm after sustaining a felony conviction for a crime of violence. Each of these uses serves a different purpose in the sentencing framework, and the Guidelines expressly permit such overlapping consideration. Indeed, in *United States v. Sanford*, No. 95-10091, 1995 WL 696685, at *1 (5th Cir. Oct. 17, 1995), the court specifically permitted double counting Sanford's robbery conviction to establish his base offense level under § 2K2.1(a)(3) and his criminal history score under § 4A1.1. Likewise, in this case, there was no improper double counting.

### 3. Improper Guidelines Enhancement

Withers's third ground is difficult to discern, but he appears to argue that his Guidelines calculation changed after he pled guilty and that he received "more point [sic] then I should have." Dkt. 59 at 7.[4] Withers does not explain how or why his Guidelines were improperly

---

[4] Withers specifically states: "My giudelines [sic] was at level 5, but was moved up to level 6. . . . I stared [sic] with 14 and level 5 with 23 points." Dkt. 59 at 7. However, Withers's criminal history category was always calculated in the presentence reports as category VI. *See* Dkts. 41 ¶ 58, 44 ¶ 58.

calculated, and neither party objected to the Court's Guidelines calculation at sentencing. Dkt. 67 at 8:1–5.

When negotiating the Rule 11(c)(1)(C) plea agreement, the parties agreed to a sentencing range of 48 to 72 months based on the Government's calculation of the Guidelines range. However, the Government miscalculated Withers's Guidelines to be lower than his actual range, as did the presentence report. Nonetheless, this mistake ultimately inured to Withers's benefit. Even though the advisory Guidelines range was ultimately calculated at 130 to 162 months, the Court sentenced Withers to 72 months—58 months below the bottom of that range and 48 months below the statutory maximum. Withers received the benefit of his bargain and cannot now claim prejudice from the Guideline calculation.

Furthermore, "a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement may be reviewed . . . only where that agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment." *United States v. Williams*, 811 F.3d 621, 623 (4th Cir. 2016) (internal quotation marks and citation omitted). Here, Withers's plea agreement did not expressly rely on the Guidelines to calculate the agreed-upon sentence. The agreement simply states that "the United States and I agree I shall be sentenced to a period of incarceration within the range of 48 to 72 months." Dkt. 34 at 3. Because the agreement does not contain a Guidelines-based calculation of an imprisonment term and Withers was sentenced according to the agreed-upon binding range of 48 to 72 months, the sentence was not imposed as a result of an incorrect application of the Sentencing Guidelines. *See, e.g.*, *United States v. Dials*, 368 F. App'x 347, 349 (4th Cir. 2010); *United States v. Jimenez*, No. 5:09CR00032, 2018 WL 563843, at *3 (W.D. Va. Jan. 25, 2018).

## C. Certificate of Appealability

When issuing a final order adverse to the § 2255 movant, the court must issue or deny a certificate of appealability. *See* Fed. R. Gov. § 2255 Proc. 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

I decline to issue a certificate of appealability because Withers has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not find the Court's assessment of his claims debatable or wrong.

## III.   Conclusion

For these reasons, Withers's motion is **DENIED**, and I decline to issue a certificate of appealability. An appropriate order shall issue.

Entered:  April 8, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

10